UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDITH COURTEAUX                          CIVIL ACTION


VERSUS                                   NO: 13-5608


FEDERAL EMERGENCY MANAGEMENT             SECTION: J
AGENCY, STATE FARM FIRE AND
CASUALTY COMPANY, RAND BEERS,
and W. CRAIG FUGATE


## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* submitted by
Defendants, the Federal Emergency Management Agency, Rand Beers,
and W. Craig Fugate (collectively "FEMA") (**Rec. Doc. 20)**, as well
as Plaintiff's *Opposition* thereto **(Rec. Doc. 24)**. The motion is set
for oral argument on January 29, 2014. Having considered the
motion, the submissions, the record, and the applicable law, the
Court finds that oral argument is not necessary and, for the
reasons expressed below, that Defendant's motion should be **DENIED.**

### PROCEDURAL AND FACTUAL BACKGROUND

It is undisputed that Plaintiff purchased a Dwelling Form
Standard Flood Insurance policy from FEMA, and that this insurance
policy was in effect from October 12, 2011 to October 12, 2012. The
policy was in effect on August 28, 2012, when Hurricane Isaac
caused flood waters to enter Plaintiff's home and cause damage. It
is also undisputed that on December 26, 2012, Plaintiff submitted

1

a timely Proof of Loss ("POL") to FEMA for the amounts recommended by an independent adjuster that FEMA employed to inspect Plaintiff's home. FEMA paid Plaintiff a portion of the amount she requested. Plaintiff alleges that subsequently, she made multiple requests that FEMA investigate additional flood damage that the original adjuster did not consider, but FEMA did not respond to her requests. Plaintiff alleges that she then enlisted her own contractor to document additional damages to be submitted to FEMA. On or about April 2, 2013, Plaintiff sent FEMA an itemized proposal prepared by her contractor. FEMA has not paid additional amounts to Plaintiff, and on August 28, 2013, Plaintiff filed suit against FEMA, seeking additional amounts to be paid under her policy.

## PARTIES' ARGUMENTS

FEMA argues that the Plaintiff failed to submit a second POL, an essential prerequisite to filing this suit, and that she merely filed an itemized proposal prepared by her contractor. Therefore, according to FEMA, Plaintiff's suit should be dismissed on summary judgment. Plaintiff argues that the itemized list she submitted to FEMA was merely a claim for additional flood recovery that supplemented her original claim, and therefore, she was not required to submit a second POL before bringing suit.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show

2

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion

by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

The circumstances of the instant case are similar to those in *Copeland v. FEMA*, No. 03-2704, 2004 WL 325577 E.D. La. Feb. 18, 2004) (Barbier, J.). In *Copeland*, FEMA contested the adequacy of the plaintiff's POL only because the POL failed to provide an exact dollar amount of damages claimed. *Id.* at *2. This Court denied FEMA's motion for summary judgment, finding that  because "the plaintiff provided at least enough information to FEMA to evaluate the merits of the claim," summary judgment was inappropriate. *Id.*

4

at *3. Here, it is undisputed that Plaintiff originally submitted a timely and valid POL and that FEMA paid certain amounts toward satisfying that claim but has not paid all monies allegedly due. Plaintiff then submitted a supplemental proposal for additional amounts due under her claim and has sued to recover outstanding amounts allegedly due. Plaintiff has submitted adequate information for FEMA to evaluate the merits of her claims, and therefore, summary judgment is inappropriate in this case.[1]

                              **CONCLUSION**

    Accordingly,

    **IT IS HEREBY ORDERED** that FEMA's *Motion for Summary Judgment* (**Rec. Doc. 20**) is **DENIED.**

    **IT IS FURTHER ORDERED** that the oral argument, currently set for January 29, 2014, is **CANCELLED.**

    New Orleans, Louisiana this 24th day of January, 2014.

                                    _____
                                    CARL J. BARBIER
                                    UNITED STATES DISTRICT JUDGE

---

    [1] *See also Reichert v. Fidelity National Property*, No. 06-5448, 2007 WL 763706 (E.D. La. Mar. 8, 2007) (Zainey, J.) (finding that where the insurance company challenged the validity of the plaintiffs' POL but had already paid some of the money owed on the claim, it was clear that the plaintiffs submitted sufficient information for the insurance company to evaluate the claim).